UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14007-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TODD JACKSON, JR.,

    Defendant.
_____/



FILED by ___ D.C.
JAN 26 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO THE SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE [D.E. 583]

**THIS CAUSE** having come on to be heard for a final hearing in respect to the pending Superseding Petition Alleging Violations of Supervised Release dated January 12, 2017 [D.E. 583] alleging violations of supervised release, and this Court having conducted the hearing, recommends to the District Court as follows:

    1.    The Defendant is charged in a Superseding Petition alleging the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 12, 2016, in Saint Lucie County, Florida, the defendant did commit the offense of drug trafficking a controlled substance, Methylenedioxymethamphetamine (MDMA), contrary to Florida Statute 893.135(5). |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing a controlled substance. On or about December 12, 2016, the defendant was found in possession of Methylenedioxymethamphetamine (MDMA), by the Saint Lucie County Sheriff's Office and charged with drug trafficking a controlled substance, MDMA, contrary to Florida Statute 893.135(5), in Saint Lucie County, Florida. |

**Violation Number 3**     **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 13, 2016, the defendant submitted a urine specimen which tested positive for the presence of amphetamine in our local laboratory, and subsequently was confirmed positive for methamphetamine by Alere Toxicology Services, Incorporated.

2. At the outset of the hearing, counsel for the Defendant stated that Violation Number 1 will be dismissed, which was confirmed by the government, and that the Defendant would be proceeding on Violations Numbers 2 and 3. Both counsel for the government and counsel for the Defendant stated that they had no objection that this Court utilize the Superseding Petition as well as USPO Maghan's Memorandum of January 10, 2017 to Chief Judge Moore to serve as the government's proffer/factual basis submitted in support of the Superseding Petition and to be considered as evidence at this final hearing. USPO Tango, who is familiar with this matter, was present for cross-examination. Counsel for the Defendant stated that she had no questions of USPO Tango. Counsel for the Defendant stated that she had no evidence, witnesses, or argument to present to the Court.

3. The Court read Violations Numbers 2 and 3 from the Superseding Petition to the Defendant since these are the only violations the government was continuing to proceed on at this hearing. This Court had the Defendant confirm on the record all of the above which was stated by his attorney at this hearing. The Defendant understands that this Court will issue its Report and Recommendation based upon the Superseding Petition and USPO Maghan's Memorandum referenced above. In that Report and Recommendation, the Defendant understands that the Court will recommend that he be

found to have violated his supervised release with respect to Violations Numbers 2 and 3, and a sentencing hearing set before the District Court at its earliest convenience.

4.      For the record, this Court informs the District Court that the Defendant stood mute to Violations Numbers 2 and 3 in the Superseding Petition since some of the underlying facts of those violations are also facts underlying a state prosecution which is still pending.  Therefore, the Defendant is not able to admit those violations in these proceedings.  This Court confirmed that on the record with both counsel for the Defendant and the Defendant.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 2 and 3 set forth in the Superseding Petition dated January 12, 2017, and that the matter proceed to a sentencing hearing at the District Court's earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, Chief United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _26th_ day of January, 2017 at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Marton Gyires
AFPD Panayotta Augustin-Birch
U. S. Probation (USPO Maghan, USPO Tango)