UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-cr-14007-Moore

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TODD JACKSON, JR.,

    Defendant.
_____/

FILED BY  KJZ  D.C.

Dec 9, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

### I. Background

The Defendant, TODD JACKSON, JR., appeared before the Court on December 9, 2021, for a final hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") [DE 674]. At the hearing, Defendant and his counsel advised the Court that Defendant wished to admit certain of the supervised release violations pending against him. The Court therefore engaged in a colloquy with Defendant to ensure that his admissions were knowing and voluntary.

Defendant was originally convicted in the Southern District of Florida of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, a Class B felony. On November 10, 2009, the Honorable K. Michael Moore, United States District Judge, sentenced Defendant to 70 months in prison followed by a four-year term of supervised release. On March 16, 2017, Defendant's supervised release was revoked after he was found to

have unlawfully possessed or used a controlled substance. He was sentenced to the custody of the United States Bureau of Prisons for a term of seven months followed by four years of supervised release. Defendant was released on November 9, 2017.

Defendant is now charged with the following violations of his supervised release conditions in the Petition [DE 674]:

1. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 16, 2020, in St. Lucie County, Florida, Defendant committed the offense of Battery-Touch or Strike, contrary to Florida Statute § 784.03(1)(A)(1).
2. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 9, 2021, in Indian River County, Florida, Defendant committed the offense of Burglary of Occupied Dwelling, contrary to Florida Statute § 812.02(3)(a).
3. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 9, 2021, in Indian River County, Florida, Defendant committed the offense of Burglary by Strangulation, contrary to Florida Statute § 784.041(3).
4. **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about March 9, 2021, in Indian River County, Florida, Defendant committed the offense of Criminal Mischief--$1,000.00 or more, contrary to Florida Statute § 806.13(1)(b)(3).

## II.    Summary of Hearing

At the December 9, 2021 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance. Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing (three years in prison followed by a lifetime term of supervised release), Defendant waived his right to a contested revocation hearing and admitted to allegations # 1, 2, and 3, as alleged in the

Petition. The Court finds that Defendant made his waiver and admissions knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admissions to allegations # 1, 2, and 3, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed allegations # 1, 2, and 3 as alleged in the Petition [DE 674]. The Government presented no evidence to support that Defendant committed allegation # 4 and requested that the Court dismiss allegation # 4.

The Court notes that the Government and Defendant have also agreed on a joint sentencing recommendation, subject to the District Judge's approval, that Defendant be sentenced to 16 months in prison with no supervision to follow.

However, Defendant was advised that the joint recommendation by the parties is not binding on the Court and that the Court may sentence Defendant to a maximum of three years in prison and lifetime supervised release

### III.   Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable K. Michael Moore, United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as alleged in violations # 1, 2, and 3 of the Petition [DE 674]. The Court further recommends that Judge Moore dismiss allegation # 4. Finally, the Court recommends that Judge Moore schedule a sentencing hearing on allegations # 1, 2, and 3.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    **RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 9th day of December 2021.

/s/ William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge